# Exhibit A

## WAGE AND HOUR SETTLEMENT AGREEMENT

THIS SETTLEMENT RELEASE AND AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between Lisbet Cortez on behalf of herself (including any and all former names and identities), her heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Cortez" or "Plaintiff") and Brocato's Sandwhich Shop, Inc., (which terms shall collectively include all past and present parents, successors in interest and assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and its/their current or former officers, directors, stockholders, employees, agents, representatives, attorneys, fiduciaries, administrators, or partners, in both their individual and official capacities), (hereinafter collectively referred to as "Brocato's"). Throughout this Agreement, Cortez and Brocato's shall collectively be referred to as the "Parties" and may be referred to singularly as "Party."

**WHEREAS,** Cortez was previously employed by Brocato's;

**WHEREAS,** on December 15, 2016, Cortez filed a lawsuit against Brocato's in federal court, styled *Lisbet Cortez v. Brocato's Sandwhich Shop, Inc.,* Case No.: 8:16-cv-3424-EAK-JSS (the "lawsuit") claiming that Brocato's violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA claims");

**WHEREAS,** Brocato's denies Cortez's FLSA claims; and

**WHEREAS,** the Parties now desire to amicably and completely resolve the Cortez's FLSA claim and any claims arising under the Fair Labor Standards Act (the "FLSA"), accruing at any time up to and including the date of execution of this Agreement.

**THEREFORE,** in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. Upon approval by the Court, consistent with the terms and chronology of events as set forth in the Parties' Joint Motion to Approve Settlement and to Dismiss with Prejudice, the Court's approval of this proposed Settlement Agreement and final dismissal of Plaintiff's claims, with prejudice, and in consideration for the promises of Cortez in this litigation as described below, Brocato's agrees to pay:

   a. The total sum of three thousand ($3,000.00) (the "FLSA Settlement Payment") to Cortez for which an IRS Form 1099 shall be issued.

   b. The total of three thousand five hundred dollars ($3,500) ("Litigation Costs") to Luis A. Cabassa, of Wenzel Fenton Cabassa, P.A., for attorney's fees and costs associated with this lawsuit. This amount of Litigation Costs was negotiated separate and apart from the FLSA Settlement Payment in subparagraph (a).

   c. The FLSA Settlement Payment and Litigation Costs shall be paid pursuant to the following schedule:

      i. $1,500 (towards the FLSA Settlement Payment) due within seven days after the Court's final approval of the Parties' proposed settlement in this lawsuit and issuance of a final order of dismissal with prejudice (whichever event last occurs);

      ii. $1,500 (towards the FLSA Settlement Payment) due within thirty days after payment of the amount in subparagraph (c)(i);

      iii. $1,000 (towards the Litigation Costs) due within thirty days after the payment of the amount in subparagraph (c)(ii);

      iv. $1,000 (towards the Litigation Costs) due within thirty days after the payment of the amount in subparagraph (c)(iii);

      v. $1,000 (towards the Litigation Costs) due within thirty days after the payment of the amount specified in subparagraph (c)(iv);

      vi. $500 (towards the Litigation Costs) due within thirty days after the payment of the amount specified in subparagraph (a)(v);

      vii. If the due date for payment falls on a Saturday, Sunday, or legal holiday, the Parties agree that the deadline will extend to the following day which is not a Saturday, Sunday, or legal holiday pursuant to Fed. R. Civ. P. 6.

2. All payments under this Agreement will be made to Wenzel Fenton Cabassa, P.A., Tax I.D. No. 26-3957624. The allocation of the FLSA Settlement Payment as described in Paragraph 1(a) above has been calculated exclusively by Cortez and her counsel. Cortez agrees to indemnify and hold Brocato's harmless from any and all liability or claims arising out of the manner in which the FLSA Settlement Payment was determined to be allocated under the terms of this Settlement Agreement.

3. The Parties shall bear their own respective costs and attorney's fees in carrying out the terms and conditions of this Settlement Agreement, except as noted above with respect to the proposed amount of Litigation Costs to be paid to Plaintiff's legal counsel for fees and costs. Cortez agrees to be liable for any and all taxes whether federal, state or local for her portion of the proceeds paid in Paragraph 1. Cortez further agrees that should Brocato's be found liable for any taxes for the proceeds paid in Paragraph 1 of this Agreement, Cortez will indemnify Brocato's for any and all taxes and costs incurring thereof.

4. The Parties agree that the payment of the sums set out in Paragraph 1(a) above shall constitute all back wages, penalties, interest, and other sums due or allegedly due to Plaintiff in this lawsuit under the provisions of the FLSA.

5. The payments to be made pursuant to this Settlement Agreement shall constitute full and complete payment for any and all damages of whatever kind Cortez claims to have or may

in the future claim to have against Brocato's with regard to any asserted violation or violations of the FLSA arising prior to the effective date of this Settlement Agreement.

6. Neither this Settlement Agreement, nor any documents executed or prepared, acts done, or orders entered shall be construed as an admission by Brocato's of the validity of any claims asserted in this lawsuit, or of any wrongdoing or of any act or omission, nor construed as an admission of any fault or omission in any statement or document, nor offered or received in evidence in any civil, criminal, or administrative action or proceeding against any party other than such proceedings as may be necessary to consummate or enforce this Settlement Agreement.

7. Plaintiff agrees to take no action, or make any statement or communication, that is intended to or that would reasonably be expected to harm Brocato's or its reputation or which would reasonably be expected to lead to unwanted or unfavorable publicity to Brocato's, including, but not limited to, making posts and comments on social media disparaging Brocato's, or making any untrue or misleading written or oral statements to any third party about Brocato's.

8. Brocato's agrees to provide Cortez with a neutral employment reference stating her position, dates of employment, and rate of pay at the time of her dismissal.

9. Plaintiff represents and warrants that she is authorized to enter into and has the authority to perform the terms of this Agreement. Plaintiff represents and warrants that she has not, individually or collectively, sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the FLSA claims released hereunder.

10. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this

Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

11. This Agreement shall be construed and governed in accordance with the laws of the State of Florida.

12. Any action to enforce this Agreement shall be brought in Hillsborough County, Florida, with exclusive jurisdiction regarding any matter related to the FLSA Claims to lie with the United States District Court for the Middle District of Florida (Tampa Division), and relief shall include but not be limited to specific performance and injunctive relief. Prior to instituting any such action to enforce this Agreement, seven (7) days notice ("notice period") of the alleged breach shall be given to the alleged breaching party. The Parties agree that the notice period is a prerequisite to any enforcement action and that an action to enforce the agreement may not be commenced until expiration of the notice period.

13. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

14. This Agreement is binding on each of the Parties and their respective heirs, successors and assigns.

15. Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

16. The Parties acknowledge that they have participated in the drafting of this Agreement and have had an equal opportunity to participate in the drafting of this Agreement. No

ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

17. Plaintiff expressly acknowledges that she has been advised to consult an attorney prior to signing this Agreement and that Plaintiff has in fact consulted with and has been advised by her attorney, Luis A. Cabassa, who has explained all of her options in connection with this Agreement.

18. This Agreement shall only be effective if approved by the Court in the above-referenced lawsuit. Should the Court not approve this Agreement, this Agreement shall be null and void and no payments set forth herein shall be required.

19. This Agreement, consisting of eight (8) pages, inclusive of the signature page, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

**Plaintiff, Lisbet Cortez, is specifically aware of and agrees with the amount of attorney's fees and costs incurred by, and to be paid to, her counsel for the work performed in this matter.**

**SIGNATURE PAGE TO FOLLOW**

| | |
|---|---|
| 4/25/2017 | DocuSigned by: *Lisbet Cortez* <br> ————8090TCB515C543E... <br> **Lisbet Cortez** |
| Date | |
| 5/8/17 | *Michael J. Brocato* |
| Date | **Michael Brocato** <br> **Brocato's Sandwhich Shop, Inc.** |